**William G. FLORENCE, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF DEFENSE et al., Defendants.**

**Civ. A. No. 75–1869.**

United States District Court, District of Columbia.

May 20, 1976.

Martin Michaelson, Hogan & Hartson, Washington, D. C., for plaintiff.

Earl J. Silbert, U. S. Atty., Rex E. Lee, Asst. Atty. Gen., Jeffrey Axelrad, Richard E. Greenspan, Dept. of Justice, Washington, D. C., for defendants.

### OPINION

JUNE L. GREEN, District Judge.

This action is brought under the Freedom of Information Act, as amended, 5 U.S.C. 552 (Supp. IV, 1974). Plaintiff is seeking access to records entitled "Technical Abstract Bulletin Indexes, Bulletin Number 74–15, 19 July 1974" (hereinafter referred to as "TAB"), which is produced by the Defense Documentation Center, Defense Supply Agency, Department of Defense. This matter is before the Court on cross-motions for summary judgment.

The following are the undisputed facts. TAB is a bibliographical reference document which indexes technical reports prepared for the Department of Defense. It is as an entity classified confidential. Most of the reports indexed in TAB, however, are unclassified and although some of the actu-

al reports indexed in TAB are in themselves classified, their titles have been rewritten so that each title is unclassified.

■ The defendants have asserted that TAB is properly classified confidential [1] pursuant to Executive Order 11652. Therefore, it is exempt from disclosure under 5 U.S.C. 552(b)(1), which provides for the withholding of material properly classified pursuant to an Executive Order and authorized by such Order to be kept secret in the interest of national defense or foreign policy. The Court, however, need not reach the question of whether the documents were in fact properly classified, and thus not subject to disclosure, because of other overriding provisions in the Act.

■ The Freedom of Information Act dictates that:

"Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." 5 U.S.C. 552(b).

Therefore, the Court holds that each entry which is unclassified must be disclosed to the plaintiff.

■ Lastly, in the complaint, plaintiff has requested reasonable attorney's fees and costs. Since the Act provides for the assessment against the United States of such expenses when the complainant has substantially prevailed, the Court will so order. 5 U.S.C. 552(a)(4)(E).

---

1. Confidential classification applies to those documents whose unauthorized disclosure could reasonably be expected to cause damage to national security.